IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARL FRANCIS SMITH, Plaintiff | : : : | No. 3:16-CV-1107 |
| v. | : : | (Judge Nealon) |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, Defendant | : : : : | (Magistrate Judge Mehalchick) |

FILED
SCRANTON

## MEMORANDUM

SEP 1 9 2017

PER _____
DEPUTY CLERK

### Background

On June 9, 2016, Plaintiff, Carl Francis Smith, filed a complaint seeking review of the Commissioner of the Social Security Administration's ("Commissioner") denial of his application for disability insurance benefits under Title II of the Social Security Act. (Doc. 1). On August 11, 2016, Defendant filed an Answer and Transcript. (Docs. 12 and 13). On November 11, 2016, Plaintiff filed a brief in support of his complaint. (Doc. 20). On November 30, 2016, Defendant filed a brief in opposition. (Doc. 21). On April 26, 2017, Plaintiff filed a reply brief. (Doc. 26). A Report and Recommendation ("R&R") was issued by

---

[1] Nancy A. Berryhill became the new Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

United States Magistrate Judge Karoline Mehalchick on September 1, 2017, recommending that the appeal be granted, the decision of the Commissioner be vacated, and the matter be remanded to the Commissioner for Plaintiff to receive a new administrative hearing. (Doc. 32). Defendant filed a waiver of the right to object, (Doc. 33), Plaintiff did not file objections, and the matter is now ripe for review with the period for filing objections having passed. Having reviewed the reasoning of the Magistrate Judge, the R&R will be adopted, including all recommendations.

## **Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects

2

the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

**Discussion**

Upon review of the present appeal, it is concluded that the Magistrate Judge did not err in finding that substantial evidence does not support the decision of the administrative law judge ("ALJ") that Plaintiff was not disabled. (Doc. 32). The Magistrate Judge appropriately sets forth the standard for reviewing a Social Security appeal and the Sequential Evaluation Process used by an administrative law judge to determine whether the claimant is disabled, which are herein adopted as such. (Id. at pp. 4-6). The Magistrate Judge also thoroughly reviews the medical records and the ALJ's decision, also herein adopted as such. (Id. at pp. 1-3,7-10). Ultimately, Magistrate Judge Mehalchick determines that the ALJ's decision is not supported by substantial evidence and recommends that this Court grant the appeal, vacate the ALJ's decision, and remand the case to the Commissioner for a new administrative hearing, explaining that the ALJ's determination that Plaintiff's impairments were not severe at Step Two of the Sequential Evaluation Process is not supported by substantial evidence. (Id. at pp. 11-14).

Neither party having objected to the Magistrate Judge's recommendations, and this Court having reviewed the R&R for clear error and having found none, Magistrate Judge Mehalchick's R&R will be adopted. As such, Plaintiff's appeal will be granted, the decision of the Commissioner will be vacated, the matter will be remanded to the Commissioner for a new administrative hearing, and final judgment will be entered in favor of Plaintiff and against Defendant.

A separate Order will be entered.

**Date:** September 19, 2017

/s/ William J. Nealon
**United States District Judge**

4